Filed 11/24/14  In re Michael C. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Michael C. et al., Persons Coming Under the Juvenile Court Law. | B255782 |
| | (Los Angeles County Super. Ct. No. DK02202) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| ALI C., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Valerie Skeba, Juvenile Court Referee.  Affirmed.

Lauren Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Richard D. Weiss, Acting County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

* * * * * *

Ali C. (Father) challenges the juvenile court's jurisdictional and dispositional orders removing his two children from his sole custody. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Father has two children with A.C. (Mother)--Michael (born 2001) and Alicia (born 2006). Mother has been diagnosed with bipolar disorder and schizophrenia. The children lived with Father. Late one night, Father decided to clean his loaded shotgun after having somewhere between 12 and 72 ounces (the equivalent of one to six 12-ounce bottles) of beer. The gun went off, and blew a hole in the wall of his apartment just 20 feet from where the kids were sleeping. Father left the apartment, and drove to his mother's house to hide the shotgun. Father pled no contest to a felony count of discharging a firearm with gross negligence (in violation of Pen. Code, § 246.3, subd. (a)), and was sentenced to three years of probation, including one year of jail.

The Los Angeles County Department of Children and Family Services (Department) filed a petition to remove the children from Father's custody. The petition alleged two grounds upon which the children were placed at risk of harm: (1) Father's discharge of the firearm in close proximity to the children; and (2) Father's alcohol abuse. At the jurisdictional hearing, the court considered evidence that Father had been convicted of driving under the influence of alcohol in 2011 ; that he drank alcohol when the children were present, and had been drinking the night of the shotgun incident ; and that Michael and Mother were both aware of Father's drinking, including that he drank to "calm down."

The trial court determined it had jurisdiction and sustained both allegations in the Department's petition. The court expressed concern with Father's ever-changing account as to what happened the night of the shooting: Father first denied being there when the shotgun went off, but later admitted he had been the one holding the shotgun after consuming various quantities of beer (40 ounces, then 72 ounces, then "one," "two or three" beers). The court went on to conclude that Father exhibited poor judgment by cleaning a loaded shotgun while drinking and thereafter attempted to hide the shotgun by

2

leaving his children unattended while he drove (presumably while intoxicated) to his mother's house. The court declared Michael and Alicia dependents of the court, and placed them with Father's brother (Uncle), with whom the children had a longstanding and good relationship.

Father appealed. (Mother is not a party to this appeal.)

## DISCUSSION

### I. The Jurisdiction Order

A court may assert jurisdiction over a child when that child "has suffered, or [when] there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child." (Welf. & Inst. Code, § 300, subd. (b).)[1] We must affirm a trial court's exercise of jurisdiction over a child if it is supported by substantial evidence. (*In re Mariah T.* (2008) 159 Cal.App.4th 428, 438; accord, *In re I.J.* (2013) 56 Cal.4th 766, 773 ["""We do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court.""""].) Father argues that the evidence presented as to each allegation was not substantial.

More specifically, Father contends that the Department did not establish that he poses a substantial risk of *present* harm to his children. He relies upon *In re J.N.* (2010) 181 Cal.App.4th 1010. *In re J.N.* held that a "single episode of [past] parental conduct"-- in that case, one incident of driving under the influence of alcohol while children were in the vehicle--usually did not establish a substantial *present* risk to the children and thus did not support the assertion of jurisdiction. (*Id.* at pp. 1022, 1026.) Because, in Father's view, the Department is seeking to assert jurisdiction solely on the basis of his "single incident" of negligently discharging a shotgun, *In re J.N.* applies and there is insufficient evidence that he poses a *current* risk to his children.

---

[1] All further statutory references are to the Welfare and Institutions Code.

As an initial matter, the courts are divided on whether the Department must always establish a *current* risk of harm. *In re J.N.* so requires, but other cases consider serious *past* harm or risk of harm to be sufficient. (*In re J.K.* (2009) 174 Cal.App.4th 1426, 1435 & fn. 5.) We need not decide which line of cases to follow because the evidence in this case establishes a risk of present harm under *In re J.N.* The court in *In re J.N.* limited its holding to cases in which the evidence demonstrated no more than a "single episode of parental conduct"; the court explicitly distinguished cases in which the evidence revealed an "ongoing substance abuse problem," which sufficed to establish a *present* risk of harm. (*In re J.N.*, *supra*, 181 Cal.App.4th at p. 1022; accord, *In re John M.* (2013) 217 Cal.App.4th 410, 419; *In re R.C.* (2012) 210 Cal.App.4th 930, 943-944.) The evidence in this case entails more than a single incident of misconduct. Father regularly consumed alcohol, and had twice driven while intoxicated (the night of his 2011 DUI conviction and the night of the shooting). Indeed, Father's drinking lead to two criminal convictions--namely, his 2011 DUI conviction and his recent firearm discharge conviction. This evidence amply demonstrates an "ongoing substance abuse problem" posing a *present* risk of harm, even under *In re J.N.*

Father also challenges the court's determination that he abused alcohol. He cites *In re Drake M.* (2012) 211 Cal.App.4th 754. *In re Drake M.* held that a parent's lawful use of marijuana did not support a finding of "substance abuse" sufficient to exert jurisdiction over a child without proof of (1) a medical professional's opinion that the parent abused the substance; or (2) a diagnosis that the parent suffered from a mental health disease contained in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th rev. ed. 2000) (DSM). (*Id.* at p. 766.) Father contends that the Department did not present either type of evidence, and that he is accordingly entitled to dismissal of the petition.

In our view, the methods of proving substance abuse cited by *In re Drake M.* were meant to be illustrative, not exclusive and exhaustive. *In re Drake M.* cited *Jennifer A v. Superior Court* (2004) 117 Cal.App.4th 1322, 1347, and *Jennifer A.* did not purport to proclaim absolute evidentiary prerequisites. Moreover, later courts have not read *In re*

4

*Drake M.* as making a doctor's opinion or a DSM diagnosis mandatory. (*In re Rebecca C.* (2014) 228 Cal.App.4th 720, 725; *In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1218.) We are consequently disinclined to adopt Father's gloss on *In re Drake M.*, particularly when the net effect is to dictate to the Department how it must in every case carry its burden of proof. Because, as explained above, the evidence of Father's alcohol abuse is substantial, we will not overturn the trial court's order under *In re Drake M.*

## II. The Disposition Order

A child may not be removed from his or her parent's custody unless a court finds, by clear and convincing evidence, that (1) there would be a "substantial danger" to the child's "health, safety, protection, or physical or emotional well-being" if the child were returned home; and (2) "no reasonable means" short of removal exist to protect the child's health. (§ 361, subd. (c)(1).) We review removal orders for substantial evidence (*In re J.S.* (2014) 228 Cal.App.4th 1483, 1493), and the court's jurisdictional findings are prima facie evidence that the child cannot safely remain in the home. (§ 361, subd. (c)(1).)

Father contends the evidence was insufficient to justify removing Michael and Alicia from his custody. He argues the court erred by not considering alternatives less drastic than removal and suggests the court could have ordered the social workers to "closely monitor" the children in Father's home when he was released from custody. While it is true the court must consider alternatives to removal, it has broad discretion in making a dispositional order. (§ 361, subd. (c)(1).) Mother was incapable of providing care for the children, and she and Father had earlier signed affidavits consenting to placement of the children with Uncle following their detention. Furthermore, at the time of the disposition hearing Father was incarcerated and did not present the juvenile court with an appropriate plan for placement of the children. Under these circumstances, the evidence supports the court's finding that no reasonable means to protect Michael and Alicia were available without removing them from Father's custody.

5

**DISPOSITION**

The orders of the juvenile court are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
                HOFFSTADT

We concur:

_____, P. J.
        BOREN

_____, J.
        ASHMANN-GERST